IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **FREQUENCY SYSTEMS, LLC,** § § | |
| **Plaintiff,** § § | CASE NO. 2:15-cv-00689-JRG-RSP |
| v. § § | JURY TRIAL DEMANDED |
| **ENGENIUS TECHNOLOGIES, INC.,** § § | |
| **Defendant.** § § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant EnGenius Technologies, Inc. ("Defendant" or "EnGenius") through its undersigned counsel, for its Answer and Affirmative Defenses to the Complaint of Frequency Systems, LLC ("Plaintiff" or "Frequency Systems"), states as follows:

EnGenius responds to Frequency Systems's individual allegations using the same paragraph numbers that appear in the Complaint. All allegations not expressly admitted below are denied.

## NATURE OF THE ACTION

1. In response to the first Paragraph 1 of the Complaint, EnGenius admits that this is an action for patent infringement. EnGenius otherwise denies the remaining allegations of this paragraph.

## PARTIES

1. EnGenius lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second Paragraph 1 of the Complaint and, therefore, denies the same.

2. EnGenius admits the allegations of Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. In response to Paragraph 3 of the Complaint, EnGenius admits that this is an action for patent infringement arising under Title 35 of the United States Code and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. For the purposes of this action, EnGenius does not contest that this Court has personal jurisdiction over EnGenius. Otherwise, Paragraph 4 of the Complaint states legal conclusions to which no response is required. To the extent a response is necessary, EnGenius denies the allegations of Paragraph 4 of the Complaint.

5. EnGenius denies the allegations of Paragraph 5 of the Complaint.

6. EnGenius denies the allegations of Paragraph 6 of the Complaint.

7. EnGenius denies the allegations of Paragraph 7 of the Complaint.

## INFRINGEMENT OF U.S. PATENT NO. 8,417,205

8. In response to the allegations of Paragraph 8, EnGenius admits that the face of U.S. Patent No. 8,417,205 ("the '205 patent") recites the patent title and issue date as alleged by Plaintiff and that a copy of the '205 patent is attached as Exhibit A to the Complaint. EnGenius otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore, denies the same.

9. EnGenius denies the allegations of Paragraph 9 of the Complaint.

10. EnGenius denies that any of its activities constitute infringement of the '205 patent.

11. Paragraph 11 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, EnGenius states that Plaintiff has not sustained any damages as a result of EnGenius's conduct.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, EnGenius asserts the following affirmative defenses.

### First Affirmative Defense – Invalidity

1. The claims of the '205 patent are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

### Second Affirmative Defense – Limitation on Damages

2. Plaintiff's claims of infringement and/or claims for relief against EnGenius are barred in whole or in part under 35 U.S.C. §§ 286 and 287.

### Other Defenses Reserved

3. EnGenius reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation in this case, including but not limited to unenforceability due to inequitable conduct.

### PRAYER FOR RELIEF

WHEREFORE EnGenius prays for the following relief:

A. That this Court dismiss Plaintiff's Complaint against EnGenius with prejudice and that Plaintiff takes nothing thereby;

B. That this Court award EnGenius all of its costs as allowed by law;

C. That this Court find that this is an exceptional case and award EnGenius its attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

D.       That this Court grant EnGenius such other and further relief as the Court deems just and proper.

Dated: July 27, 2015

/s/ Melissa Richards Smith
Melissa Richards Smith
Texas Bar No. 24001351
melissa@gillamsmith.com
GILLAM & SMITH LLP
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Mark Flanagan (California Bar No. 130303)
mark.flanagan@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

David Yang (California Bar No. 246132)
david.yang@wilmerhale.com
Elaine Zhong (California Bar No. 286394)
elaine.zhong@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
350 South Grand Ave., 21st Floor
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

***COUNSEL FOR DEFENDANT
ENGENIUS TECHNOLOGIES, INC.***

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 27th day of July, 2015, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system.

                              /s/ *Melissa R. Smith*

                              Melissa Richards Smith